[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1983

JOSEPH BARBIONI,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Morton A. Brody, U.S. District Judge] 



Before

Selya, Circuit Judge, 
Cyr, Senior Circuit Judge, 
and Boudin, Circuit Judge. 



Joseph M. Jabar and Daviau, Jabar & Batten on brief for 
appellant.
Jay P. McCloskey, United States Attorney, Frank W. Hunger, 
Assistant Attorney General, Barbara C. Biddle and Jennifer H. Zacks, 
Department of Justice, Civil Division, on brief for appellees. 



December 9, 1997


Per Curiam. After careful review of the parties' 

submissions and the record on appeal, we affirm the decision

below granting judgment for the defendant.1 On appeal, 1

appellant Joseph Barbioni ("Barbioni") argues that the

decision to pursue a criminal investigation and prosecution

against him was improper and entitled him to relief under the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2674, given the

alleged fact that two witness interviews may have been

conducted in an inappropriate manner. But even where

discretion has been abused, 28 U.S.C. 2680(a) protects

those acts which constitute the performance of a

discretionary function. This court has made it clear that

the decision to investigate and/or prosecute an individual

falls squarely within the discretionary function exception.

See, e.g., Horta v. Sullivan, 4 F.3d 2, 21 (1st Cir. 

1993)("[A]lthough law enforcement agents have a mandatory

duty to enforce the law, decisions as to how best to fulfill

that duty are protected by the discretionary function

exception to the FTCA."); Kelly v. United States, 924 F.2d 

355, 362 (1st Cir. 1991)("Since decisions to investigate, or

not, are at the core of law enforcement activity, the []

 

1The government suggests the court lacks jurisdiction to 1
hear this appeal under 28 U.S.C. 1291, but we interpret
Barbioni's statements in his "Motion to Alter (Rule 59)" as
an abandonment of any claims which may have been pending at
the time he filed that pleading. Thus, the district court's
"Judgment" was a final judgment, as required by 28 U.S.C. 
1291.

-2-

challenged conduct involved precisely the kind of policy-

rooted decisionmaking that section 2680(a) was designed to

safeguard."). Even an allegation that investigators

intimidated and coerced witnesses will not alter the outcome

of a target's FTCA claim. Moore v. Valder, 65 F.3d 189, 196- 

97 (D.C. Cir. 1995).

We do not address whether the malicious prosecution

claim otherwise would have had merit.

Affirmed. Loc. R. 27.1. 

-3-